E-FILED
Thursday, 29 May, 2014  02:22:04 PM
Clerk, U.S. District Court, ILCD

United States District Court

Central District of Illinois

MICHAEL JOHNSON
        Plaintiff

vs.

ADRIENE/ANDREA MOSS
MICHAEL ~~OSLE~~ DEMPSEY
Alton Angus
Doctor McCormick
Dr. John Garlick
Glendai French
Angelica Joyner
Randy Pfister
SUED IN THEIR OFFICIAL AND
INDIVIDUAL CAPACITIES,
        DEFENDANTS

WEXFORD
HEALTH CARE
PROVIDERS
INC.
DEFENDANT

CASE No. 14-1207

JURY TRIAL DEMANDED

COMPLAINT FOR MONEY DAMAGES AND INJUNCTION

## I. JURISDICTION

1. Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. This also has jurisdiction under 42 U.S.C. § 12133 (A.D.A.). Plaintiff also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201; also has jurisdiction to here my state-law claims pursuant to 28 U.S.C. § 1367 (a).

## II. VENUE

1. The central district of Illinois is an appropriate venue under 28 U.S.C. § 1391 (b) because all parts of the events or omissions giving rise to the claims occurred in this district.

## III. Parties

3. PlaintiFF ~~[illegible]~~ / ~~[illegible]~~ ~~[illegible]~~ Michael Johnson #R63104 was at all times relevant to this action a Prisoner incarcerated at the Pontiac Correctional Center, which is located in the central District, at P.O. Box 99, Pontiac, Il 61764.

4. Defendant Adriene/Andrea Moss was at all times relevant to this Action a Mental Health Professional/Social Worker at the Pontiac Correctional Center and was Acting under the Color of Federal and State law. By statute Mental Health Professionals are Responsible for ensuring that the needs of a Mentally Ill inmate are Given adequate Mental Health Treatment under their Supervision. Mental Health Photocol Manual. She is employed by Wexford Healthcare Providers Inc. and I.D.O.C. at Pontiac Correctional Center, P.O. Box 99, Pontiac, Il 61764.

5. Defendant Michael Dempsey was at all times relevant to this Action a Psychiatrist and Mental Health Professional at the Pontiac Correctional Center and was Acting under the Color of Federal and State law. He is employed by Wexford Healthcare Providers Inc. and I.D.O.C. at Pontiac Correctional Center, P.O. Box 99, Pontiac, Il 61764.

6. Defendant Alton Angus was at all times relevant to this action a Mental Health Professional/Mental Health Counselor or Social Worker at the Pontiac Correctional Center and was Acting under the Color of Federal and State law, as well as state statute. He is employed by Wexford Healthcare Providers Inc. and I.D.O.C. at Pontiac Correctional Center, P.O. Box 99, Pontiac, Il 61764.

7. Defendant Doctor McCormick was at all times relevant to this Action a Psychiatrist and Mental Health Professional at the Pontiac Correctional Center and was Acting under the Color of Federal and State law, as well as State statute. He is employed by Wexford Health Care Providers Inc. and I.D.O.C. at Pontiac Correctional Center, P.O. Box 99, Pontiac, Il 61764.

8. DEFENDANT DR. JOHN GARLICK WAS AT ALL TIMES RELEVANT TO THIS ACTION THE CHIEF PSYCHIATRIST OF PONTIAC CORRECTIONAL CENTER AND WAS ACTING UNDER THE COLOR OF FEDERAL AND STATE LAW. HE IS EMPLOYED BY WEXFORD HEALTH CARE PROVIDERS INC. AND I.D.O.C. AT PONTIAC CORRECTIONAL CENTER, P.O. BOX 99, PONTIAC, IL 61764.

9. DEFENDANT GLENOAL FRENCH WAS AT ALL TIMES RELEVANT TO THIS ACTION A LIEUTENANT AT THE PONTIAC CORRECTIONAL CENTER AND WAS ACTING UNDER THE COLOR OF FEDERAL AND STATE LAW. HE IS EMPLOYED BY THE ILLINOIS DEPARTMENT OF CORRECTIONS AT PONTIAC CORRECTIONAL CENTER, P.O. BOX 99, PONTIAC, IL 61764.

10. DEFENDANT ANGELICA JOYNER WAS AT ALL TIMES RELEVANT TO THIS ACTION A CORRECTIONAL OFFICER AT THE PONTIAC CORRECTIONAL CENTER AND WAS ACTING UNDER COLOR OF FEDERAL AND STATE LAW. HE IS EMPLOYED BY THE ILLINOIS DEPARTMENT OF CORRECTIONS AT PONTIAC CORRECTIONAL CENTER, P.O. BOX 99, PONTIAC, IL 61764.

11. DEFENDANT RANDY PFISTER WAS AT ALL TIMES RELEVANT TO THIS ACTION THE WARDEN OF THE PONTIAC CORRECTIONAL CENTER AND WAS ACTING UNDER COLOR OF FEDERAL AND STATE LAW. HE IS EMPLOYED BY THE ILLINOIS DEPARTMENT OF CORRECTIONS AT PONTIAC CORRECTIONAL CENTER, P.O. BOX 99, PONTIAC, IL 61764.

12. DEFENDANT WEXFORD HEALTH CARE PROVIDERS INC. WAS AT ALL TIMES RELEVANT TO THIS ACTION AS THE MEDICAL PROVIDERS AT THE PONTIAC CORRECTIONAL CENTER AND WAS AND STILL IS ACTING UNDER COLOR OF FEDERAL AND STATE LAW. IT IS UNDER CONTRACT OF I.D.O.C. AT PONTIAC CORRECTIONAL CENTER, P.O. BOX 99, PONTIAC, IL 61764.

13. ALL DEFENDANTS FROM PARAGRAPHS 4 TO PARAGRAPH 12 IS STILL ACTING UNDER COLOR OF STATE AND FEDERAL LAW AND VIOLATED PLAINTIFF'S RIGHTS PROVIDED BY STATE STATUTES.

## IV. LITIGATION HISTORY

14. PLAINTIFF FILED TWO (2) LAWSUITS IN FEDERAL COURT WHILE INCARCERATED

15. ONE CASE IS MICHAEL JOHNSON VS. BUCHENAU AND THE SECOND CASE IS MICHAEL JOHNSON VS. STUCK.

16. PLAINTIFF DOES NOT KNOW THE CASE NUMBERS AND DOESN'T CURRENTLY HAVE ANY DOCUMENTS WITH THE CASE NUMBERS BECAUSE PLAINTIFF'S PROPERTY WAS THROWN AWAY WHILE HE WAS ON SUICIDE/CRISIS WATCH DUE TO MENTAL ILLNESSES IN WHICH HE SUFFERS FROM.

17. JOHNSON V. BUCHENAU WAS FILED IN THE CENTRAL DISTRICT AND JOHNSON V. STUCK WAS FILED IN THE SOUTHERN DISTRICT.

18. BOTH CASES WERE CHALLENGING THE IMPROPER USE OF EXCESSIVE FORCE IN VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHT OF THE U.S. CONSTITUTION.

19. JOHNSON V. BUCHENAU WAS DISMISSED AND I APPEALED. THE APPEAL IS STILL PENDING.

20. JOHNSON V. STUCK IS STILL PENDING. PLAINTIFF DOESN'T KNOW WHAT'S GOING ON WITH THIS CASE.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. PLAINTIFF HAS FILED GRIEVANCES AND HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES AS WERE AVAILABLE TO HIM.

22. PLAINTIFF FILED THREE (3) DIFFERENT GRIEVANCES: ONE DATED 9-17-13 WITH A COUNSELOR'S RESPONSE DATED AS 10-31-13, AND A GRIEVANCE OFFICER'S RESPONSE DATE OF 2-27-14, AND AN A.R.B. RESPONSE DATE OF 4-23-14.

23. PLAINTIFF FILED A TIMELY GRIEVANCE AT EACH STEP BUT WAS TIME BARRED DUE TO NO FAULT OF HIS OWN. COUNSELOR, GRIEVANCE OFFICER, AND A.R.B. STAFF RECEIVED THE GRIEVANCE AT EACH STAGE AND HELD

THE GRIEVANCE FOR A long PERIOD OF TIME BEFORE RESPONDING AND THEN RESPONDING IN AN UNREASONABLE AMOUNT OF TIME RESULTING IN PLAINTIFF BEING TIME BARRED AS A CONSEQUENCE. SEE EXHIBIT A.

24. PLAINTIFF FILED A TIMELY GRIEVANCE DATED 2-2-14 WITH A COUNSELOR'S RESPONSE DATE OF 3-7-14 AND A GRIEVANCE OFFICERS RESPONSE ON AN INSTITUTIONAL MEMORANDUM DATED 3-15-14 WITH NOTHING TO APPEAL. SEE EXHIBIT B.

25. PLAINTIFF FILED A TIMELY GRIEVANCE DATED 3-3-13 3-13-14 WITH A COUNSELOR'S RESPONSE DATE OF 3-20-14 AND A GRIEVANCE OFFICER'S RESPONSE DATE OF 3-19-14 ON AN INSTITUTIONAL MEMORANDUM WITH NOTHING TO APPEAL. SEE EXHIBIT C.

26. DUE TO SUCH ADMINISTRATIVE INCOMPETENCE AND UNREASONABLE WITHHOLDING OF GRIEVANCES AS STATED IN PARAGRAPHS 21 THROUGH 25 PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES AS WAS AVAILABLE TO HIM.

27. NO ACTION SHALL BE BROUGHT WITH RESPECT TO PRISON CONDITIONS UNDER SECTION 1983 OF THIS TITLE, OR ANY OTHER FEDERAL LAW, BY A PRISONER CONFINED IN ANY JAIL, PRISON, OR OTHER CORRECTIONAL FACILITY UNTIL UNTIL SUCH ADMINISTRATIVE REMEDIES AS ARE AVAILABLE ARE EXHAUSTED

## VI. FACTUAL AllEGATIONS

28. ON 9-5-13 ON THE 3 TO 11 SHIFT THIS PLAINTIFF HAD AN ADVERSE EFFECT/AFFECT TO THE PSYCHOTHOPIC MEDICATION HE TAKES GIVEN TO HIM BY THE NURSE.

29. PLAINTIFF, ON 9-5-13, TOOK HIS PSYCH MEDICATION AND SHORTLY AFTERWARD HIS TONGUE STARTED TO CAUSE HIM GREAT AND EXCRUCIATING PAIN.

30. FOR IT WAS LIKE HIS TONGUE WAS ENLARGING AND HIS TONGUE DID INDEED CURL UP BY ITSELF AND WAS FORCING ITSELF TOWARD THE BACK OF THE THROAT (HIS THROAT) CHOKING HIM MAKING IT HARD FOR HIM TO BREATHE.

31. THIS PLAINTIFF ALSO EXPERIENCED THE SAMETHING EVERY NIGHT

FROM 9-6-13 TIL 9-17-13 AND PLAINTIFF INFORMED NURSES ON 9-15-13 AND ~~NURSE~~ ON 9-17-13 INFORMING THEM OF THE ~~ADVERSE~~ ADVERSE EFFECTS/AFFECTS AS MENTIONED ABOVE AND NURSES INFORMED ME THEY WOULD LOOK INTO THE MATTER.

32. EVERY NIGHT FOR OVER TEN DAYS, FROM 9-6-13 TO 9-17-13, PLAINTIFF WAS IN EXCRUCIATING PAIN.

33. PLAINTIFF WAS ON ~~RESPERO~~ RESPERDOL IN WHICH WAS CAUSING HIM THE ADVERSE PAIN FOR OVER TEN DAYS. SEE EXHIBIT A.

34. IN DECEMBER OF 2013 DOCTOR McCORMICK INTERVIEWED ~~ME~~ PLAINTIFF AND WOULDN'T ALLOW ~~ME~~ PLAINTIFF TO TELL HIM HIS ISSUES AND TOOK PLAINTIFF OFF MEDICATION AS A RESULT.

35. DOCTOR McCORMICK ALSO TOLD PLAINTIFF THAT HE DOESN'T HAVE A MENTAL ILLNESS HE SUFFERS FROM.

36. ON 2-2-14 MENTAL HEALTH PROFESSIONAL ANDIENE/ANDRIENE/ANDREA MOSS CAME TO PLAINTIFF'S CELL ON THE 7 TO 3 SHIFT AND TOLD ~~ME~~ PLAINTIFF SHE DOESN'T THINK THERE'S NOTHING WHONG WITH HIM EVEN THOUGH PLAINTIFF TOLD HER THAT HE HAD BEEN, AND STILL IS, EXPERIENCING SEVERE ANXIETY AND PANIC ATTACKS EVERY OTHER DAY AND NIGHT CAUSING HIM TO ACT WITHOUT THINKING.

37. PLAINTIFF ALSO TOLD MISS MOSS THAT HE HASN'T BEEN SLEEPING OR HAD ANY SLEEP FOR DAYS DUE TO A LIGHT THAT KEEPS HIM UP AND IT NEVER GOES OFF, LOUD BANGING, SCREAMING, ETC. AND THE HEADACHES ~~THAT~~ HE SUFFER FROM BECAUSE OF SO AND HE TOLD MISS MOSS WHY (ASKED MISS MOSS) WHY HE WASN'T ALLOWED TO BE IN THE PROGRAM FOR MENTALLY ILL INMATES AND MISS MOSS SAID THAT PLAINTIFF WAS NORMAL.

38. MISS MOSS SAID THAT BIPOLAR WASN'T A MENTAL ILLNESS THAT "THEY" CONSIDER SERIOUS.

39. ALSO, PLAINTIFF HAS SEIZURES IN WHICH HE INFORMED ALL ABOVE AND IS NOT BEING TREATED FOR SUCH.

40. FOR PARAGRAPHS 34 TO 39 SEE EXHIBIT B.

41. PLAINTIFF WROTE A GRIEVANCE DATED 3-13-14 (EXHIBIT C) DOCUMENTING THE DAILY DEPRESSION, HYPERACTIVITY, BIPOLAR, PANIC ATTACKS, ANXIETY, SLEEPLESSNESS, THOUGHTS OF SUICIDE AND HURTING HISSELF AND NOT RECEIVING

THE Proper TREATMENT FOR HIS MENTAL ILLNESSES.

42. Plaintiff HAS NEVER BEEN PROPERLY OR ADEQUATELY DIAGNOSED.

43. Plaintiff DOCUMENTED IN THE 3-13-14 (EXHIBIT C) GRIEVANCE THE FACT THAT HE IS EMOTIONALLY UNSTABLED, HE CRIES ALMOST EVERY NIGHT, HIS NERVES ARE FRAYED, HE CANNOT CONCENTRATE ON MEANINGFUL TASKS AT TIMES, WHEN HE IS HYPERACTIVE AND DEPRESSED HE IS IMPULSIVE AND REACTIONARY, AND ISN'T BEING PROVIDED ANY MEANINGFUL TREATMENT FOR THE TEACHING OF COPING SKILLS AND PREVENTION OF ACTING OUT WHEN MENTAL ILLNESSES COMPEL HIM TO DO SO.

44. Plaintiff ALSO HAS NEVER BEEN AFFORDED THE OPPORTUNITY TO HAVE AN INDIVIDUAL TREATMENTMENT PLAN DEVELOPED FOR HIM IN RELATION TO PARAGRAPH 42 AND 43.

45. Plaintiff, AS A RESULT OF HIS MENTAL ILLNESS, IS OFTEN PARANOID, ANTISOCIAL, GOING INTO SOLITUDE AND WITHDRAWING AT TIMES.

46. Plaintiff CONTENDS THAT THE DEFENDANTS HAVE NOT GIVEN PROPER IDENTIFICATION OR TREATMENT OF HIS SERIOUS MENTAL ILLNESS.

47. Plaintiff CONTENDS THAT HIS SERIOUS MENTAL ILLNESS SERIOUSLY IMPAIRS HIS CAPACITY TO RECOGNIZE REALITY, COMPELS HIM TO HAVE OCCASIONAL COMBATIVE BEHAVIOR, HAS SERIOUSLY IMPAIRED HIS RELATIONSHIPS WITH HIS FRIENDS AND FAMILY, SERIOUSLY IMPAIRS HIS JUDGMENT OCCASIONALLY, SERIOUSLY IMPAIRS HIS THINKING AND MOOD, SERIOUS IMPAIRMENT DUE TO ANXIETY AND FREQUENT PROBLEMS WITH THE AUTHORITIES/RULES.

48. Plaintiff HAS BEEN DIAGNOSED WITH Bipolar PRIOR TO INCARCERATION AND DURING INCARCERATION. SEE EXHIBIT C.

49. Plaintiff HAS BEEN THE SUBJECT OF MULTIPLE AND NUMEROUS DISCIPLINARY INFRACTIONS AND HAS NEVER HAD A MENTAL HEALTH PROFESSIONAL CONSULTED TO DETERMINE WHETHER OR NOT THE DISCIPLINARY INFRACTIONS IMPOSED UPON HIM WERE THE RESULT OF OR COMPEL BY HIS MENTAL ILLNESS.

50. IN RELATION TO PARAGRAPH 49 Plaintiff's MENTAL ILLNESS WAS NEVER TAKEN INTO CONSIDERATION AT ANY ADJUSTMENT COMMITTEE HEARING WHERE DISCIPLINARY INFRACTIONS WERE IMPOSED UPON HIM.

51. At times Plaintiff doesn't know that he's breaking any institutional rules as in relation to paragraphs 49 and 50.

52. When Plaintiff is going through crisis there is nothing he can do but lose it.

53. When Plaintiff tells staff about the crisis he's going through and experiencing he's told by correctional officials that he's just trying to get some attention or manipulate someone to have his way.

54. Mental health professional Miss Moss informed Plaintiff that he was diagnosed with throwing temper tampers when he doesn't get his way.

55. Plaintiff has tried to kill hisself on numerous occasions all throughout his life.

56. Plaintiff continues to catch "tickets" as a result of his mental illness.

57. Plaintiff is being encouraged to kill hisself by numerous peoples in his environment.

58. In the Rasho v. Walker case the courts sanctioned for Pontiac Correctional Center to create a review committee for the purpose of reviewing all seriously mentally ill inmates placed in segregation who are serving segregation terms of sixty (60) days or longer.

59. The purpose of the review is to determine if the seriously mentally ill offender's mental health condition(s) both at the time of the original and any subsequent offense requires a reduction in the offender's current segregation term.

60. The authority responsible for creating the review committee as stated in paragraphs 58 and 59 is defendant Warden Randy Pfister.

61. Plaintiff has not been afforded any opportunity to be apart of such review as stated in paragraphs 58, 59, and 60 under the supervision of Warden Randy Pfister.

62. Defendants Adriene/Andrea Moss, Michael Dempsey, Alton Angus, Dr. McCormick, Dr. John Garlick, and Wexford Health Care Providers Inc. have not informed the Plaintiff of such a review committee or why he doesn't meet or qualify for the criteria of the review committee as stated in paragraphs 58 through 61.

63. GLENDAL FRENCH, ANGELICA JOYNER, AND RANDY PFISTER NEVER ALLOWED THE PLAINTIFF'S MENTAL ILLNESS TO BE TAKEN INTO CONSIDERATION OR EVEN CONSULTED A MENTAL HEALTH PROFESSIONAL FOR THE PURPOSE OF LEARNING IF PLAINTIFF'S MENTAL ILLNESS WAS THE RESULT OF ANY INSTITUTIONAL RULE INFRACTION IMPOSED UPON HIM.

64. FOR PARAGRAPHS 41 THROUGH 63 PLEASE SEE EXHIBIT C IN WHICH IS ATTACHED TO THIS COMPLAINT AND MADE APART OF IT BY SUCH ATTACHMENT.

65. DEFENDANTS LACKED AND LACK PENOLOGICAL AND/OR SECURITY JUSTIFICATION FOR THEIR ACTIONS AND THE TREATMENT OF PLAINTIFF AS DESCRIBED ABOVE.

66. ALL DEFENDANTS ACTED WANTONLY, SADISTICALLY, MALICIOUSLY AND WILLFULLY.

## VII. CAUSES OF ACTION — COUNT I

PLAINTIFF WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

67. PLAINTIFF INCORPORATES PARAGRAPHS 1 THROUGH 66 AS THOUGH THEY WERE STATED FULLY HEREIN.

68. DEFENDANTS ADRIENE/ANDREA MOSS, MICHAEL DEMPSEY, ALTON ANGUS, DOCTOR McCORMICK, DR. JOHN GARLICK VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT BY NOT PROVIDING REASONABLE, MEANINGFUL, ADEQUATE MENTAL HEALTH TREATMENT, IN WHICH IS AN INTEGRAL PART OF MEDICAL CARE, TO LESSEN OR AVOID ASSAULTS BY STAFF AND INMATES WHEN HIS MENTAL ILLNESS COMPELS HIM TO ACT OUT IN A BIZARRE/BIZZARE WAY.

69. DEFENDANTS ANDREA/ADRIENE MOSS, MICHAEL DEMPSEY, ALTON ANGUS, DOCTOR McCORMICK, AND DR. JOHN GARLICK VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT BY PRESCRIBING PSYCHOTROPIC MEDICATION THAT HAD A SIDE EFFECT THAT CAUSED HIM EXCRUCIATING PAIN FOR TEN DAYS WITH NO WAY TO GET ANYTHING TO LESSEN OR STOP THE SIDE EFFECT. (MORE THAN TEN DAYS).

70. DEFENDANTS ANDREA/ADRIENE MOSS, MICHAEL DEMPSEY, ALTON ANGUS, DOCTOR McCORMICK, DR. JOHN GARLICK, RANDY PFISTER, AND WEXFORD HEALTH CARE PROVIDERS, INC. VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE

Free From Cruel and Unusual Punishment By Failing To Provide Plaintiff with or Place Plaintiff In An ~~entire~~ environment or setting that can apphophiately respond and treat any adverse side effects like the one he suffered on 9-5-13 To 9-17-13, His Panic Attacks, Anxiety, etc. See Exhibit A, B, and C.

71. Defendants Moss, Dempsey, Angus, McCormick, Garlick, Pfister, and Wexford Healthcare Providers Inc. violated Plaintiff's Eighth Amendment Right To Be Free From Cruel and Unusual Punishment By Subjecting Plaintiff, A Mentally Ill Inmate/Prisoner, To long Term Seghegation and not Permitting him To Participate In Any Phograms To Dechease His Stay In solitary Confinement For The Purpose of eliminating As Much Suffering As Possible and Sensory Oephivation In Which Worsens His Mental Illness.

73. Defendants French, Joyner, and Pfister violated Plaintiff's Eighth Amendment Right To Be Free From Cruel and Unusual Punishment When They Found Plaintiff Guilty on Numerous Instances At Adjustment Committee Hearings, In Which Were Approved By Warden Pfister, without Taking Into Consideration Plaintiff's Mental Illness not one Time and not Consulting Any Mental Health Professional To Investigate Plaintiff's state of Mind To See If His Mental Illness Was The Reason For The Infractions Consequently Subjecting Him To long Term Seghegation Making Him Suffer and Punishing Him For Reasons Due To His Mental Illness, See Exhibit O.

## COUNT II

Plaintiff Was Denied Due Process Under The Fourteenth Amendment To The United States Constitution

74. Plaintiff Incorporates Paragraphs 1 Through 66 As Though They Were Stated Fully Herein.

75. Defendants French, Joyner, and Pfister violated Plaintiff's Fourteenth

AMENDMENT RIGHTS TO DUE PROCESS BY SUBJECTING HIM TO ARBITRARY AND UNFAIR TREATMENT WHEN THEY FOUND PLAINTIFF GUILTY AT MULTIPLE AND NUMEROUS ADJUSTMENT COMMITTEE HEARINGS FOR INSTITUTIONAL VIOLATION WITHOUT ADEQUATELY OR REASONABLY FOLLOWING THE RULES AS STATED IN THE 20 Ill. ADMINISTRATIVE CODES DEPRIVING HIM OF 🔲, LIBERTY BY SENTENCING HIM TO LONG TERM SEGREGATION AND EXTENDING HIS SENTENCE WITHOUT FAIR PROCEDURE RESULTING IN RESTRICTIONS IMPOSING ATYPICAL AND SIGNIFICANT HARDSHIP' ON INMATE IN RELATION TO THE ORDINARY INCIDENTS OF PRISON LIFE.

76. DEFENDANTS MOSS, DEMPSEY, ANGUS, McCORMICK, GARLICK, PFISTER, AND WEXFORD HEALTHCARE PROVIDERS INC. VIOLATED PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS BY EXCLUDING PLAINTIFF FROM BEING APART OF ANY PROGRAMS FOR MENTALLY ILL PRISONERS IN PONTIAC C.C. THAT MAY BE AVAILABLE FOR MENTALLY ILL INMATES TO LEARN COPING SKILLS AND BE APART OF THE REDUCTION OR ELIMINATION OF SEGREGATION TIME, AS SANCTIONED IN THE RASHO V. WALKER CASE, WITHOUT ANY PENOLOGICAL JUSTIFICATION,

## VIII. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT:

A. DECLARE THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES;

B. ORDER DEFENDANTS TO PAY COMPENSATORY AND PUNITIVE DAMAGES OF $15,000 AND $10,000 RESPECTIVELY;

C. ORDER DEFENDANTS TO PAY REASONABLE ATTORNEY FEES AND COSTS AND COURT FEES AND COSTS;

D. GRANT OTHER JUST AND EQUITABLE RELIEF THAT THIS HONORABLE COURT DEEMS NECESSARY;

E. GRANT INJUNCTION IN FAVOR FOR PLAINTIFF

RespectFully SuBMiHED

/s/ Michael Johnson

MICHAEL JOHNSON #R63104
PoNTiAC coRRECTioNAl CENTER
P.O. Box 99
PoNTiAC, Il 61764

DATED:


VERIFICATION

PuRSuANt To 28 U.S.C. § 1746, I DECIARE ANO VERIFy
UNOER PENAlty OF PERJURy UNOER THE LAWS OF
THE UNiTED STATES OF AMERICA THAT THE
FoREGOiNG IS TRuE ANO CoRREct. EXECUTED
ON

/s/ Michael Johnson
MICHAEL JOHNSON


DEclARATiON AttACHED ANO MADE
APART OF THIS WHOlE COMPlAiNt
By REFERENCE TO EXHiBit E.

EXHIBIT A

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**
Return of Grievance or Correspondence

Offender: _Johnson_ _Michael_ _R63104_
Last Name    First Name    MI    ID#

Facility: _Pontiac_

☑ Grievance: Facility Grievance # (if applicable) _060159_ Dated: _9/17/13_ or ☐ Correspondence: Dated: _____

Received: _3, 17, 14_ Regarding: _allergic reaction to meds_
Date                                    _4/6/13 - 9/17/13_

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☐ Provide a copy of your written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal.
- ☐ Provide dates of disciplinary reports and facility where incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
  Office of Inmate Issues
  1301 Concordia Court
  Springfield, IL 62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns to: Illinois Prisoner Review Board
  319 E. Madison St., Suite A
  Springfield, IL 62706

**No further redress:**
- ☐ Award of Supplemental Sentence Credits are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on ___/___/___.
  Date
- ☐ No justification provided for additional consideration.

**Other** (specify): _____

Completed by: _Sherry Benton_ _6, 23, 14_
Print Name                Signature                Date

Distribution: Offender    *Printed on Recycled Paper*    DOC 0070 (Rev. 4/2013)
Inmate Issues

"EXHIBIT A"

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| **Grievance Officer's Report** |
|---|

**Date Received:** December 3, 2013     **Date of Review:** February 27, 2014     **Grievance #** (optional): 060159

**Offender:** Johnson, Michael     *over 160 days*     **ID#:** R63104

**Nature of Grievance:** Medical Treatment

**Facts Reviewed:** Offender grieves medical treatment by facility HCU.

The HCU Administrator's response, dated 01/22/14, the grievance dated 09/06/13 was read and the applicable medical record was reviewed.

This offender is grieving his medication alleging an adverse reaction to his medication. On 12/24/13 Risperdol was discontinued by Dr. McCormick. Risperdol now on the allergy list for this offender.

Medical concerns are to be directed to the cell house CMT who will evaluate the offender or refer if appropriate. Alternatively, the offender may send a yellow "Medical Request" slip to the Health Care Unit Administration requesting medical services.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be considered MOOT at this juncture based on the response of facility HCU Administrator to the issue. Any other judgement upon the issue that when returned for cause would have no practical effect upon the existing controversy.

S. Simpson                          

_____        _____
Print Grievance Officer's Name        Grievance Officer's Signature
**(Attach a copy of Offender's Grievance, including counselor's response if applicable.)**

| **Chief Administrative Officer's Response** |
|---|

**Date Received:** 3-4-14     ☑ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

RECEIVED

MAR 17 2014

OFFICE OF
INMATE ISSUES

_____                          3-4-14
Chief Administrative Officer's Signature                     Date

| **Offender's Appeal To The Director** |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_Michael Johnson_                    _R63104_            3-7-14
Offender's Signature                      ID#                Date

Exhibit "A"

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

060159

| Date: 9-6-13/9-17-13 | Offender: (Please Print) Michael Johnson | ID#: R63104 |
|---|---|---|

Present Facility: *Pontiac Correctional Center* | Facility where grievance/issue occurred: *Pontiac C.C.*

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [✓] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [✓] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA *violation of 8th*
- [✓] Other (specify): *Amendment Right To U.S. Constitution*

- [ ] Disciplinary Report: ____/____/____ Date of Report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

On 4-5-13 on the 3 to 11 shift this grievant had an adverse effect to the psychotropic medication he takes given to him by the nurse. Grievant, on 4-5-13, took his psych medication and shortly afterward his tongue started to cause him great and excruciating pain, for it was like his tongue was enlarging and his tongue did indeed curl up by itself and was forcing itself toward the back of the throat choking him making it hard for him to breathe. This grievant also experienced the same thing every night from 9-6-13 til present and I informed nurse.

Relief Requested: For medication to be switched to something other than Respidole.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Johnson _____ R63104 _____ 9/17/13
Offender's Signature _____ ID# _____ Date

(Continue on reverse side if necessary)

---

**Counselor's Response** (if applicable)

Date Received: 9/30/13

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: This grievance is concerning a medical issue and should be forwarded directly to the Grievance Officer.

T. Kennedy _____ TK CCII (10/31/13)
Print Counselor's Name _____ Counselor's Signature _____ Date of Response

---

**EMERGENCY REVIEW**

Date Received: DEC 03 2013
Pontiac Corr. Ctr. Grievance Off.

Is this determined to be of an emergency nature?

- [ ] Yes: expedite emergency grievance
- [ ] No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____ ____/____/____
Chief Administrative Officer's Signature _____ Date

Distribution: Master File; Offender _____ Page 1 _____ DOC 0046 (8/2012)

Printed on Recycled Paper

Damiluma on 9-15-13 and Nurse Jill on 9-17-13 informing them of the adverse effects as mentioned above and both nurses informed me they would look into the matter. This effect is causing Grievant excruciating pain and Grievant doesn't know what to do. Grievant is on Respinole an which is causing such an adverse affect on him. I sent a note detailing the 9-6-13 to Counselor Kennedy on 9-7-13 and I haven't as of yet received a reply. See Exhibit A. Notice of Filing and Certificate of Service Attached.

"Exhibit B"



# Illinois
## Department of
# Corrections

**Pat Quinn**
Governor

**S. A. Godinez**
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL 61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

# M E M O R A N D U M

DATE: 3-15-14

TO: Johnson R #63104     Cell _____

FROM: Grievance Officer
Pontiac Correctional Center     Medical

SUBJECT: Attached Grievance: Medication removal (Dec, 2013)

Date Received: 3-15-14

The attached is being returned for the reason(s) listed below:

_____ Contact your Correctional Counselor. Written response required.

_____ Use proper Committed Person's Grievance (DOC 0046).

_____ Provide date(s) of disciplinary reports(s) and facility where incident(s) occurred.

_____ Forward grievance directly to the Administrative Review Board (protective custody, enforced medication, disciplinary reports from other facilities, decisions by the Transfer Coordinator's Office, decisions rendered by the Director).

___X___ Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be addressed further.

_____ Unable to determine nature of grievance/correspondence. Submit additional specific information.

_____ Illegible copy submitted – submit legible copy for consideration.

_____ Request restoration of GCC, segregation time cut, grade restoration to the Adjustment Committee. If request is denied, utilize the grievance process for further consideration.

_____ Issue has been previously addressed on _____. No justification for further consideration.

_____ Contact the Record Office with you request and/or additional information (sentence calculations, jail credits, etc.).

___X___ Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A, Springfield, Illinois 62706 (executive clemency parole violation issues, etc.).

___X___ Other: "You state" You have spoken with MH Professionals about your Bipolar condition and have been told Bipolar is not a mental issue. Issue Moot.

EXHIBIT B

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 2-2-14 | Offender (Please Print) Michael Johnson | ID#: B63104 |
|---|---|---|
| Present Facility: Pontiac Correctional Center | Facility where grievance issue occurred: Pontiac Correctional Center | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA Violation of constitution
- [x] Other (specify): rights and ADA

- [ ] Disciplinary Report: ____/____/____
  Date of Report     Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer**, only if EMERGENCY grievance.
**Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

In December of 2013 Doctor McCormick interviewed me & wouldn't Allow me to tell him my issues & Took me off my medication As A Result (The incident may have happened in November of 2013) Doctor McCormick Also told me That I don't have a mental illness I suffer from. On 2-2-14 Mental Health Professional Addison when came to my Cell & on the 2 to 3 shift & Told me she doesn't think there's nothing wrong with me Even though I told her that I've Been experiencing severe Anxiety & panic Attacks every other Day & night causing me to Act without thinking

Relief Requested: to be Placed in the Max Dorm For Therapy & For my Seg Time to Be reduced or Eliminated As Stated In the hasho v. Walker case. To Stop Being Discriminated Against

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Johnson | B63104 | 2-2-14 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: 2 / 5 / 14

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: This grievance is regarding a medical issues and should be forwarded directly to the Grievance Office.

| T Kennedy | Kenny CCII | 3-7-14 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

Date Received: ____/____/____

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| | |
|---|---|
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

I was told Miss Moss that I haven't been sleeping or had any sleep for days now due to a noise that keeps me up & it never goes off, loud banging, screaming, etc. & the headaches that I suffer from because of so & I told Miss Moss why I'm not allowed to be in the program for mentally ill inmates & she said I'm normal. She said what Dr. McCormick said that bipolar isn't a mental illness that they consider serious. The Rasho v. Walker case specifically designated correctional officials & mental health professionals to allow mentally ill inmates to be apart of & to reduce or eliminate the segregation time. Dr. Rasho, Dr. McCormick, & Miss Moss are excluding me in violation of the Americans with Disabilities Act 28 C.F.R. Section 35.104. The ADA defines disability as a physical or mental impairment that substantially limits one or more of the major life activities of an individual. I am a person with a disability its defined by the statute, I am qualified for the benefit in question because of bipolar according to the diagnostic statistical manual is a serious mental illness, & due to Rashos, McCormick, & Moss (mental health professionals) discrimination I am treated cruel & unusual in violation of the 8th amendment of the U.S. Constitution & in violation of my equal protection rights of the 5th amendment of the U.S. Constitution other inmates with bipolar are in the program for mentally ill inmates why are they excluding me? I can prove in a court of law, in which I will, that I've been in psych wards receiving treatment & benefits from the Social Security office prior to incarceration damn near all my life. I suffer from manic depression, hyper activity, panic attacks, & anxiety, but Rashos, McCormick, & Moss say my mental illness is not serious. Apart of the relief I requested I would like to be compensated $10,000 for the pain & suffering, deliberate indifference, violation of my constitutional & A.D.A. rights. I also suffer headaches that I haven't been treated for even though I constantly tell medical personnel & mental health staff. Being denied mental health treatment & therapy is a denial of medical treatment "we think it plain that from the legal stand point or mental health care is an integral part of medical care" Wellman v. Faulkner, 715 F. 3d 269, 272-73 (7th Cir. 1983 "treatment of mental disorders of mentally disturbed inmates is a serious medical need'" Langley v. Coughlin, 888 F. 2d 252, 254 (2d Cir. 1989), furthermore there is no logical justification for deprivation & severe restriction of my rights that the cuffs I am confined to are cruel & cut into

EXHIBIT C



## Illinois
## Department of
# Corrections

Pat Quinn
Governor

S. A. Godinez
Director

Pontiac Correctional Center / 700 W. Lincoln Street / P.O. Box 99 / Pontiac, IL 61764 / Telephone: (815) 842-2816 / TDD: (800) 526-0844

## M E M O R A N D U M

DATE: 3/19/14

TO: Johnson #R63104    Cell _____

FROM: Grievance Officer
Pontiac Correctional Center

SUBJECT: Attached Grievance: Medical- Mental Health Treatment

Date Received: 3/19/14

The attached is being returned for the reason(s) listed below:

_____ Contact your Correctional Counselor. Written response required.

_____ Use proper Committed Person's Grievance (DOC 0046).

_____ Provide date(s) of disciplinary reports(s) and facility where incident(s) occurred.

_____ Forward grievance directly to the Administrative Review Board (protective custody, enforced medication, disciplinary reports from other facilities, decisions by the Transfer Coordinator's Office, decisions rendered by the Director).

X Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be addressed further.

_____ Unable to determine nature of grievance/correspondence. Submit additional specific information.

_____ Illegible copy submitted – submit legible copy for consideration.

_____ Request restoration of GCC, segregation time cut, grade restoration to the Adjustment Committee. If request is denied, utilize the grievance process for further consideration.

_____ Issue has been previously addressed on _____. No justification for further consideration.

_____ Contact the Record Office with you request and/or additional information (sentence calculations, jail credits, etc.).

X Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A, Springfield, Illinois 62706 (executive clemency parole violation issues, etc.).

Other: You state you have spoken with Mental Health Professionals (Moss, Dempsey, Angus and McCormick) and they told you that you do not suffer from Mental Illness. You also state this has been since Nov, 2013.

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 3-13-14 | Offender: (Please Print) Michael Johnson | ID#: R63104 |

Present Facility: Pontiac Correctional Center

Facility where grievance issue occurred: Pontiac Correctional Center

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [x] Restoration of Good Time
- [x] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA Conditions of
- [x] Other (specify): Confinements

- [ ] Disciplinary Report: ____ / ____ / ____
  Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I write this grievance due to serious mental illness[es] I suffer from daily with depression, hyperactivity, bipolar, panic attacks, anxiety, sleeplessness, thoughts of suicide & hurting myself & am not receiving the proper treatment for mental health professionals Adrienne Ross & Dr. Demoss, & Allon Angus & Mr. McCormick, from November to present date (November 2013) all tell me I don't suffer from mental illness. Their conclusion is deduced from the ~~core~~ bare minimum of observation resulting from interviews lasting only minutes every few months or so. This grievance is composed to challenge the insufficiency of

**Relief Requested:** For collective actions to take place, to be give[n] proper & adequate mental health treatment & to have an individual treatment plan & to have my segregation time & G.C.I./S.G.T cut & restored respectively.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

CONTINUED RELIEF REQUESTED ON NEXT GRIEVANCE

| Michael Johnson | R63104 | 3 / 13 / 14 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: 3 / 20 / 14

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: This is a mental health issue/ sent directly to the grievance office.

| K. Small | | 3-20-14 |
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

Date Received: ____ / ____ / ____

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____ ____ / ____ / ____
Chief Administrative Officer's Signature          Date

Distribution: Master File; Offender          Page 1          DOC 0046 (8/2012)

Printed on Recycled Paper

Mental Health Treatment at Pontiac Correctional Center. The Mission Statement in the Mental Health Protocol Manual states verbatim: "The Mission of the Illinois Department of Corrections' Office of Mental Health Management is to assist incarcerated individuals affected by Mental Illness and serious emotional disturbance to decrease needless suffering, better manage their illness, achieve their personal goals, and achieve and maintain their highest level of functioning. The Department strives to deliver services in a respectful, responsive, and efficient manner and with sensitivity to diversity of culture, language, ethnicity, gender, and sexual identity. In collaboration with other departments within our facilities, we seek to maximize the resources available and attend to concerns for the safety and well-being of individuals. Services and supports are designed to provide meaningful assistance to the individual in acquiring and maintaining those mental, emotional, and social skills which enable him or her to function most effectively with the demands of his or her own person or environment". I am a mentally ill inmate within the Illinois Dept of Corrections. As I suffer from mental illnesses & have difficulty dealing & coping with such, I have been & am seeking for assistance from the Mental Health Management officials to assist me with my mental illness & emotional disturbances to decrease my needless suffering, because I'm suffering, better manage my illness, achieve my personal goals, & be helped with the achieving & maintaining my highest level of functioning, because I feel so unstable due to me crying almost everyday, my nerves are at ends, & I don't know why I act impulsively & reactionary without thinking before hand. According to the Mission Statement, services & supports are designed to provide meaningful assistance to the individual in acquiring & maintaining those mental, emotional, & social skills which enable him or her to function most effectively with the demands of his or her own person or environment - & for the seven years I've been incarcerated I have not been afforded such services even though I suffered from, & still do periodically, being paranoid anti-social behavior, & going into solitude & withdrawing at times. In the Mental Health Protocol Manual Part 2-Components of IDOC Mental Health Services it states: "The components of the Illinois Department of Corrections' effective mental health services are as follows:

• A systematic program for screening for mental health problems upon intake with both inter- and intra-system transfers

• Access to appropriate levels of inpatient and outpatient mental health services

• Treatment options that include a variety of biological & psychological therapies that are multidisciplinary, eclectic, and consistent with generally

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 3-12-14 | Offender: (Please Print) Michael Johnson | ID#: R63104 |
|---|---|---|

| Present Facility: Pontiac Correctional Center | Facility where grievance issue occurred: Pontiac Correctional Center |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [x] Restoration of Good Time
- [x] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA  Conditions of
- [x] Other (specify): Confinement

- [ ] Disciplinary Report: ____/____/____
  Date of Report                Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer**, only if EMERGENCY grievance.
**Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Accepted mental health practices and institutional requirements

- Development of treatment plans
- Documented informed consent and/or refusal for treatment when appropriate
- The maintenance of accurate, complete, and confidential records of mental health treatment
- A mechanism for the identification, treatment, and supervision of inmates with suicidal tendencies
- Referral for admission to an appropriate IDOC Mental Health Unit for

**Relief Requested:** To have the sanctions in Rasho v. Walker, No. 1:07-cv-1298-MMM-JAG applied to me, to be placed on a medication that balances me out & to be placed in a setting less chaotic than North cell house. Continued...

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

continued relief requested on next grievance

| Michael Johnson | R63104 | 3/13/14 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

### EMERGENCY REVIEW

| Date Received: ____/____/____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance |
|---|---|---|
| | | [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | Date |
|---|---|

Distribution: Master File; Offender

DOC 0046 (8/2012)

those inmates whose mental health needs exceed the treatment capabilities of general population

• Continuity of care from admission to discharge from the facility, including referrals to appropriate community-based providers

• A program for addressing the needs of developmentally disabled inmates

• A training program for MHPs and for correctional staff on mental health issues

• A mental health grand rounds procedure

• A procedure for dealing with mentally ill inmates through the adjustment committee process and in segregated housing

• A mental health quality assurance program

• Discharge [de-entry] planning for those on the mental health caseload.

As best as I can, I will walk through the aforementioned below & show how I'm not receiving the treatment & programs illustrated within the mental health protocol manual though I've made request & to do so with the composing & submitting of this grievance. As a result of the mental illnesses I suffer from I've also experienced a loss of appetite in which I'm still experiencing due to being depressed. In the first component of the Ill. Dept. of Corrections' effective mental health services is the screening process. Below, I will attempt to emulate mental health screening. I am a moorish American whose birthdate is 12-19-80. My marital status is that of a single male. I have two children. I do not have custody. I only obtained some high school education but I did not complete the high school. Please note that I was in a learning disability class. I had no occupation prior to incarceration. I was receiving social security income for my mental illness & disability from elementary school right up to the very moment I got incarcerated. The length of sentence is a combination of two sentences ran consecutive with the first sentence being two years at fifty percent & the second one being five years & six months at fifty percent totaling out to seven years & six months. I've lost good conduct credit/statutory good time in the amount of two years, three months & fifteen days. I was taken into custody on 3-22-07. My projected out date, as of now, is 3-16-17. (Screening Questionnaire), 1) Is this your first incarceration in prison? Yes. 2) Have you ever received counseling for a mental health or nervous disorder? Yes. If yes explain: I've been receiving counseling on & off all my adolescent & adult life for mental health & nervous issues at numerous & multiple hospital with in patient & out patient hospitalizations. 3) Have you ever received medication for a mental health or nervous disorder? Yes. If yes, are you currently taking medication for a mental health or nervous disorder? Yes. [4] Have you ever been hospitalized for a mental health disorder, or for thoughts or actions of self harm? Yes. If yes explain: I've thought about &

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

Date: 3-13-14   Offender (Please Print): Michael Johnson   ID#: 6163104

Present Facility: Pontiac Correctional Center   Facility where grievance/issue occurred: Pontiac Correctional Center

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [x] Restoration of Good Time
- [x] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): Conditions of Confinement

- [ ] Disciplinary Report: _____ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Acted on Killing myself numerous times throughout all life from overdosing on pills, To hanging myself, To cut on myself, To provoking others To do harm to me. 5) Have you ever had thoughts of hurting yourself? Yes, 6) Have you ever intentionally hurt yourself? Yes, 7) Have you ever committed a violent act? Yes, if yes explain: I've destroyed property, beat people up, & robbed people to get high on drugs. 8) Have you ever been the victim of a violent act? Yes, if yes explain: I've been hit in the head with a baseball bat I was physically abused & beat on as a kid, I've jumped on numerous

Relief Requested: To be compensated for damages, suffering, violations of my U.S. constitutional rights $25,000. Also to have all G.C.C./S.G.T. restored due to violations of my U.S. constitutional rights & Amd. codes 5045

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Johnson (Offender's Signature)   6163104 (ID)   3, 13, 14 (Date)

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

Date Received: ___/___/___

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name _____ Counselor's Signature _____ Date of Response ___/___/___

### EMERGENCY REVIEW

Date Received: ___/___/___

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature _____ Date _____

times, people have tried to kill me by shooting at me. 9) have you EVER HAD "A HEAD INJURY"? YES. 10) HAVE you EVER RECEIVED SPECIAL EDUCATION SERVICES? YES. 11) HAVE you EVER USED Alcohol or illegal SUBSTANCES? Yes. IF Yes, list All the Alcohol or illegal SUBSTANCES USED: MALT LIQUOR, WHISKEY, VODKAS, DARK LIQUOR, MARIJUANA, CRACK-COCAINE. 12) HAVE you BEEN sleeping MORE or less in the last two weeks? less. 13) HAVE you BEEN EATing MORE or less in the Past Two weeks? (less. 14) HAVE you HEARD or SEEN things other People couldn't HEAR or see? n/o. 15) Do you HAVE any Mental HEAlth issues you would like To Discuss with a Mental HEAlth Professional? Yes. one Being THE issue of BEing not in ADEQUATE PROGRAMS For THERAPY Early coping & other issues. On PAGE 5 of THE Mental HEAlth Protocol Manual, Section 4, & SERVICE PRioRities, it STATES VERBATIM : " THE Facility Mental HEAlth Authority, In collaboration with Facility ADministrators, will Develop A written Procedure For their Facility Mental HEAlth SERVICES In THE Following orDER of Priority:

" SUICIDE PREVENTION / CRISIS INTERVENTION

" IDENTIFICATION AND TREATMENT of those INMATES with Serious Mental illNESS

" OTHER SERVICES BASED on A NEEDS ASSESSMENT of THE PARTICULAR FACILITY To DETERMINE what SERVICES Should AND could BE Provided Given THE TOP Two PRioRities ARE MET."

I Most CERTAINLY MEET THE SECOND Priority, FurthERMORE, Section 5, SERVICE RECIPIENTS (PAGE 5 of THE MENTAL HEALTH Protocol Manual), it STATES :
" MENTAL HEALTH SERVICES will BE Provided By QUALIFIED MENTAL HEAlth Professionals AS clinically inDicATED To THE Following RECiPiENTS :
" INMATES EXPERIENCING, or AT HIGH Risk FoR BEHAVIORAL, COGNiTIVE AND/or EMOTIONAL CRISIS, or AT Risk of SUICIDE.
" INMATES EXPERIENCING A MENTAL DISORDER, AS DESCRIBED IN THE Most RECENT EDITION of THE Diagnostic AND Statistical Manual For whom Psychological INTERVENTION IS likely To BENEFIT."
IN THE UNITED STATES District Court FoR THE CENTRAL District Court FoR THE CENTRAL District of Illinois PEORIA Division, IN THE CASE of ASHOOR V. WALKER, No. 1:07-CV-1298-MMM-JAG - AGREED ORDER, THE DEFINITION FoR "SERIOUSLY MENTALLY Ill" From THE Diagnostic AND Statistical Manual of Mental DISORDERS IS DEFINED AS SUCH : & " DEFINITIONS - SERIOUS MENTAL ILLNESS : AS USED HEREIN, AN OFFENDER IN THE (IDOC) IS 'SERIOUSLY MENTALLY Ill' ('SMI') IF HE OR SHE, AS A RESULT of A MENTAL DISORDER AS DEFINED IN THE IN THE CURRENT EDITION of THE Diagnostic AND Statistical Manual of MENTAL DISORDER ('DSM') of THE AMERICAN Psychiatric Association, EXHIBITS IMPAIRED EMOTIONAL, COGNITIVE, or BEHAVIORAL FUNCTIONING THAT INTERFERES SERIOUSLY with His or HER Ability To FUNCTION ADEQUATELY EXCEPT with SUPPORTIVE TREATMENT or SERVICES. THESE INDIVIDUALS Also MUST EITHER CURRENTLY HAVE, or HAVE HAD within THE PAST YEAR, A Diagnosis

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 3-13-14 | Offender: (Please Print) Michael Johnson | ID#: R63104 |
|---|---|---|

| Present Facility: Pontiac Correctional Center | Facility where grievance issue occurred: Pontiac Correctional Center |
|---|---|

### NATURE OF GRIEVANCE:

- [ ] Personal Property
- [✓] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [✓] Restoration of Good Time
- [✓] Medical Treatment
- [✓] ADA Disability Accommodation
- [✓] HIPAA Conditions of
- [✓] Other (specify): Confinement

- [ ] Disciplinary Report: _____/_____/_____
  Date of Report     Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

    **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    **Chief Administrative Officer,** only if EMERGENCY grievance.
    **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

Mental Disorder, or who currently exhibit significant signs and symptoms of a mental disorder. A diagnosis of alcoholism or drug addiction, developmental disorders, or any form of sexual disorder" shall not, by itself, render an individual seriously mentally ill. The combination of either a either a diagnosis or significant signs and symptoms of a mental disorder and an impaired level of functioning, as outlined above, is necessary for one to be considered seriously mentally ill. Whether a person meets the criteria of seriously mentally ill is initially determined by a comprehensive, professional clinical assessment by

**Relief Requested:** _____

_____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Johnson | R63104 | 3 / 13 / 14 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (If applicable)

| Date Received: _____/_____/_____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

**Response:** _____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

### EMERGENCY REVIEW

| Date Received: _____/_____/_____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance |
|---|---|---|
| | | [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | Date |
|---|---|

An IDOC Mental Health Professional in order to 1) determine if the individual has a diagnosable mental disorder as defined by the current DSM and 2) to establish the person's overall level of functioning. The appropriate threshold to establish level of functioning that equates to a serious mental illness includes serious impairments in capacity to recognize reality, in work environments, school or learning environments, frequent problems with the authority figures, occasional combative behavior, serious impairments in relationships with friends and family, serious impairments in judgement, thinking, and mood, and serious impairment due to anxiety. These aforementioned disturbances must be observed in at least one of the areas listed above."

As an individual & inmate who has been diagnosised & who suffers from bipolar, all the above applies to me. Earlier this year & late last year, Dr. Angus, Ms. Moss, Dr. McCormick, Dr. Dempsey all informed me, at different times, that I was no longer diagnosed with bipolar. The reasons why are oblivious to me since none of these mental health professionals haven't had any meaningful or reasonable observation time to deduce any applicable-logical conclusion for any diagnosis. The most I've spent with either one on any given dute-moon day is approximately thirty minutes. Now taking medication is apart of the treatment but the medication by itself is not working & for me & often has adverse affect compelling me to act without thinking or agitate & bring about medication induced depression. In the Mental Health Protocol Manual on page 12, paragraph number 7-segregation, it states: "the mentally ill offender will be reviewed every thirty days for the remainder of his/her confinement in segregated housing". On the same page it states in the paragraph numbered with the number 5 - pharmacological treatment, it states: "offenders shall be seen once every 30 days while on psychotropic medication unless determined by the psychiatrist to be stable, in which case the offender shall be seen once every 100, 90, or 120 days, as determined by the prescribing psychiatrist." The medication that I am currently on, I just got on not long ago, it's not helping me. I am not stable. According to the Mental Health Protocol Manual, page 13, (page thirteen) it states: "Mental Health Professionals are expected to respond immediately for: isolated housing environments, such as segregation". This indicates that Mental Health Professionals are aware of the fact that being confined in isolated housing segregated units adversely affects & increases the negative affects of an offenders mental illness. I am in a cell 24 hours a day. Everyday I am not allowed to go to ø yard due to me being on yard restriction.

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 3-13-14 | Offender: (Please Print) Michael Johnson | ID#: R63104 |
|---|---|---|

| Present Facility: Pontiac Correctional Center | Facility where grievance issue occurred: Pontiac Correctional Center |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [x] Restoration of Good Time
- [x] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA   Conditions of
- [x] Other (specify): Confinement

- [ ] Disciplinary Report: _____ / _____ / _____
  Date of Report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

For Example, on Page 48 of the Mental Health Protocol Manual (Section M, Adjustment Committee/Segregation - 1 Adjustment Committee, it states: "While the risk for Psychological Decomposition is Prevalent for any offender under Segregation, the Mentally Ill offender is at risk. The needs of the Segregated offender are unique, Particularly the needs of Segregated offenders with Mental Health issues. In order to address these needs, Mental Health staff shall ensure Monthly Mental Health Rounds in the Segregation units to Monitor the Mental status of these offenders. Further, Regular Treatment shall be Provided to those Segregated

**Relief Requested:** _____

_____

_____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| _Michael Johnson_ | R63104 | 3 / 13 / 14 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) | |
|---|---|

Date Received: _____ / _____ / _____

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

| _____ | _____ | _____ / _____ / _____ |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| **EMERGENCY REVIEW** | |
|---|---|

Date Received: _____ / _____ / _____

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| _____ | _____ / _____ / _____ |
|---|---|
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender                Page 1                                DOC 0046 (8/2012)

OFFENDERS IDENTIFIED AS MENTALLY ILL."

"MENTAL HEALTH STAFF SHALL TAKE A PROACTIVE ROLE IN THE TIMELY IDENTIFICATION AND TREATMENT OF A DEVELOPING CRISIS IN THE SEGREGATED OFFENDER AND IN PREVENTING DECOMPOSITION AND PSYCHOLOGICAL DETERIORATION."

2. ADJUSTMENT COMMITTEE (PAGE 48) —

"INFRACTIONS ARE A PRIMARY INDICATOR OF PRISON ADJUSTMENT AND THEY MAY ULTIMATELY NEGATIVELY AFFECT CLASSIFICATION AND RELEASE DECISIONS." THE AFOREMENTIONED IS ALL FURTHER PROOF THAT MENTAL HEALTH STAFF KNOW & ARE AWARE OF THE NEGATIVE & ADVERSE AFFECTS THAT ⊗ GIVE RISE TO & /OR PERPETUATE MENTAL ILLNESSES IN MENTALLY ILL OFFENDERS. ON 3-11-14 MENTAL HEALTH STAFF MEMBER DOCTOR DEMPSEY CAME TO MY CELL DOOR ON THE 7 TO 3 SHIFT TO TALK TO ME & I TOLD DOCTOR DEMPSEY THAT THE MEDICATION I WAS ON WASN'T HELPING ME. DOCTOR DEMPSEY SAID THAT HE WOULD SWITCH ME OVER TO SOMETHING I FELT THAT WORKS ACCORDING TO THE MENTAL HEALTH PROTOCOL MANUAL, IT STATES VERBATIM:

(PAGE 24) D. TREATMENT PLANS

"INDIVIDUAL TREATMENT PLANS (ITPx) MUST BE DEVELOPED FOR EACH OFFENDER DIAGNOSED WITH A MENTAL ILLNESS OR RECEIVING MENTAL HEALTH SERVICES. IN ADDITION TO ACCURATELY DESCRIBING A PATIENT'S MENTAL HEALTH PICTURE, THE ITP MUST ESTABLISH THE PATIENT'S GOALS, REINFORCING AWARENESS AND EMPOWERMENT FOR THE PATIENT THE ITP SHALL ALSO SERVE TO HOLD THE TEAM/PATIENT ACCOUNTABLE AND ASSIST IN DISCHARGE PLANNING. TREATMENT PLANS WILL BE RECORDED ON THE MENTAL HEALTH TREATMENT PLAN FORM (0228J). TREATMENT PLANS SHALL BE DEVELOPED BY ASSIGNED MENTAL HEALTH PROFESSIONAL AND REVIEWED BY THE MULTIDISCIPLINARY TREATMENT TEAM. THE TREATMENT PLANNING PROCESS SHALL BEGIN AT THE TIME OF INTAKE INTO THE PARENT FACILITY. PLANS WILL INTEGRATE THE PSYCHOLOGICAL ASSESSMENT AND, WHERE APPLICABLE, PSYCHOLOGICAL EVALUATION, PATIENT OBSERVATIONS, PSYCHOSOCIAL INFORMATION, TREATMENT TEAM RECOMMENDATIONS, AND GOALS. THE ASSIGNED MENTAL HEALTH PROFESSIONAL WILL DEVELOP A PRELIMINARY TREATMENT PLAN AT THE TIME OF THE OFFENDER'S INTAKE AND BY THE END OF THREE CLINICAL SESSIONS, AN ITP SHALL BE DEVELOPED.

THE PLAN WILL ACCOMPLISH THE FOLLOWING TASKS:

• REFLECT THE OFFENDER'S CURRENT MENTAL HEALTH STATUS AND NEEDS BASED ON HIS OR HER PSYCHOLOGICAL ASSESSMENT AND/OR EVALUATION, DIAGNOSED MENTAL DISORDERS, AND FUNCTIONAL STRENGTHS AND LIMITATIONS ATTRIBUTABLE TO MENTAL DISORDER(S)

• IDENTIFY ANY MENTAL HEALTH PROBLEMS THAT MAY NEGATIVELY IMPACT THE OFFENDER'S ABILITY TO ADJUST TO INCARCERATION AND HIS/HER MOTIVATION TO ADDRESS THESE PROBLEMS

• OUTLINE ACHIEVABLE, TIME-LIMITED OBJECTIVES (WRITTEN IN MEASURABLE TERMS)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Date: 3-13-14   Offender: (Please Print) Michael Johnson   ID#: R6 3104

Present Facility: Pontiac Correctional Center   Facility where grievance issue occurred: Pontiac Correctional Center

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [x] Restoration of Good Time
- [x] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA    Conditions of
- [x] Other (specify): Confinement

- [ ] Disciplinary Report: ____/____/____
  Date of Report       Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

That will reduce symptoms, enhance current functioning, or maintain current functioning

- Identify the providers who will deliver the therapeutic interventions
- Address re-entry / discharge planning as needed
- Identify and any problems for which the institution currently has no available resources or which are not currently the focus of treatment

All members of the treatment team, including the patient, will sign the plan. The team will meet at least once every six months (more often as

Relief Requested: _____

_____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Michael Johnson   R6 3104   3 / 13 / 14
Offender's Signature           ID#        Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: ____/____/____

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

Print Counselor's Name   Counselor's Signature   ____/____/____
                                                 Date of Response

**EMERGENCY REVIEW**

Date Received: ____/____/____

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature   ____/____/____
                                           Date

Distribution: Master File; Offender     Page 1     DOC 0046 (8/2012)

Clinically Indicated) to monitor the Offender's progress and update the plan as necessary.

Patient Response to Treatment must be Considered in reviewing treatment plans. Measurable Patient behaviors Include:

• Attendance and Participation in Treatment
• Medication Compliance
• Improvement of Cleanliness and Grooming
• Appropriate Interactions with Staff and Patients (oriented, Goal-directed spontaneous speech that is normal in Rate and Volume of speech, Appropriate Expression of Emotion, Ability to Listen and Participate in Conversation, and ability to appropriately Resolve Conflict)
• Reduction of violent Behavior
• Reduction of Self-Destructive and Suicidal Behavior
• Reduction of Self-Report of Suicide Plan and/or Ideation
• Reduction of Disruptive and Destructive Behavior
• Increase in Prosocial and Constructive Behavior

Additionally, for Developmentally Disabled Offenders, Treatment Plans should Address the Following Areas as they Pertain to Mental Health Issues:
• Frequency of Contact with Mental Health Staff
• Type and Frequency of Therapeutic Intervention
• Housing Placement
• Educational and Vocational Needs
• Activity and Recreational Participation
• Avoidance of Victimization

If Pharmacological Treatment is utilized, the Prescribing Mental Health Professional Shall Collaborate with the Non-prescribing Mental Health Professional In the Development of the Treatment plan. Documentation of this Collaboration Must be Documented on IDOC Approved Forms and placed In the Medical Record.

## PROBLEM DEVELOPMENT FLOW CHART

- Offender comes with a Variety of Problems
- Clinician Assesses the Patient to Get A Holistic View of the Patient's Problems
- The Assessments are then Combined to Form A Clinical Picture
- This Picture is Called The Diagnosis
- This Diagnosis is Based on the Criteria, Associated Features, and V-Codes As they Are Grouped In the DSM-IX-TR
- The V-Codes, Associated Features, and Diagnostic Criteria Are then Converted Into Problem Statements that Are Measurable, Observable, and Objective
- Now the Clinician Can Be Sure that the Diagnosis Is Substantiated and

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 3-13-14 | Offender: (Please Print) Michael Johnson | ID#: R03104 |

Present Facility: Pontiac Correctional Center

Facility where grievance issue occurred: Pontiac Correctional Center

### NATURE OF GRIEVANCE

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [x] Restoration of Good Time
- [x] Medical Treatment
- [ ] ADA Disability Accommodation
- [x] HIPAA Conditions of
- [x] Other (specify): Confinement

- [ ] Disciplinary Report: _____ / _____ / _____
  Date of Report                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer,** only if EMERGENCY grievance.
  **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

That the treatment plan will be relevant to the diagnosis."

All of the documented aforementioned is not a being applied to me according to the rules & guidelines of the mental health Protocol Manual. At different points in time I suffer psychological breakdowns, severe & extreme extreme depression, Hypermania so extreme that I feel unstoppable, emotional turmoil that has me crying for hours on in, anxiety & panic attacks that I still don't know how to deal with & in which makes it difficult to breath, & anyone of the one I'm going through usually ends with me being charged with a disciplinary infraction

**Relief Requested:** _____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Johnson | R03104 | 3 / 13 / 14 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

| Date Received: _____ / _____ / _____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |

### EMERGENCY REVIEW

| Date Received: _____ / _____ / _____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender

Page 1

DOC 0046 (8/2012)

(or multiple ones) that I wasn't trying to or intending to break. Most of the time I don't even know I'm breaking any rules. None of the above cited from the Mental Health Protocol Manual & Treatment Planning, has never been applied to me when I'm going through crisis, there is nothing I can do but lose it, when I tell the staff about the crisis I'm going through or experiencing, I'm told by correctional officers that I'm just trying to get some attention or manipulate someone to have my way. Mental Health Professional Adrine Moss told me on an interview late 2013 that I'm diagnosed as throwing temper tantrums when I don't get my way. I've tried to kill myself, recently, by hanging myself & wrapping a sheet around my neck until it cuts off my breathing, I haven't been successful yet. I'm being deteriorating everyday, I have no family or friend support, I can't stop catching tickets & "they" keep taking my time pushing my release back, everybody keeps talking about me because I stink, I can't wash up because I don't have any soap, tooth-paste, & the officers keep telling everyone my cell stinks & smells like "shit", I don't know why these people are messing with me, my neighbor's & inmates right above me keep chatting on my walls & ceiling telling me to kill myself. Furthermore, I've been diagnosed as mentally ill for the whole duration of my incarceration & out of the fifty,000 something, or more, disciplinary infractions that I was charged with & found guilty of, I was never afforded the opportunity to have my mental health condition & mental illness taken into account or consideration therefore punishing me because of incident that were brought about due to my mental illnesses in which I suffer from. In the 20 Illinois Administrative Code C.4. § 1, Sec. 504 (Subchapter e) - 504.20 Offenses and Maximum Penalties, it states verbatim: b) "For determining the appropriate sanctions, the Adjustment Committee or Program Unit, the Chief Administrative Officer, and the Director may consider, among other matters, mitigating or aggravating factors such as: 1) the offender's mental state at the time of committing the offense;..." the fact that the Adjustment Committee has never, past or present, taken into account or consideration my mental state at the time of committing the offense is a blatant violation of my due process rights safeguarded by the 14th Amendment of the U.S. Constitution. This has been an adverse hardship that has increased my suffering drastically & dramatically without any proper intervention. Gittens v. Coughlin, 541 N.Y.S. 2d 718; Reed v. Scully, 531 N.Y.S. 2d 1910. Also, not taking into considering my mental state is in violation of institutional rules, 20 I.I. Adm. Code 504.20. I've just became aware of this

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 3-13-14 | Offender: (Please Print) MICHAEL JOHNSON | ID#: R63104 |
|---|---|---|

Present Facility: Pontiac Correctional Center | Facility where grievance issue occurred: Pontiac Correctional Center

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [x] Restoration of Good Time
- [x] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA  Conditions of
- [x] Other (specify)  Confinement

- [ ] Disciplinary Report: ____/____/____  _____
                          Date of Report    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer,** only if EMERGENCY grievance.
  **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

ISSUE IN RELATION TO THE ADJUSTMENT COMMITTEE NOT TAKING INTO ACCOUNT OR CONSIDERATION MY MENTAL HEALTH. ACCORDING TO 20 ILLINOIS'S ADMINISTRATIVE CODE SECTION 504.810 FILING GRIEVANCES, IT STATES VERBATIM: a) "A GRIEVANCE SHALL BE FILED WITHIN 60 DAYS AFTER THE DISCOVERY OF INCIDENT, OCCURRENCE, OR PROBLEM THAT GIVES RISE TO THE GRIEVANCE." I'VE JUST DISCOVERED THIS INCIDENT IN ACCORDANCE WITH THE AFOREMENTIONED ILLINOIS'S ADMINISTRATIVE CODE. IN Pasho V. WALKER, No. 1:07-CV-1398-MMM-JAG Judges Michael M. Mihm & Magistrate Judge John A. Gorman SANCTIONED IN AN AGREED ORDER ON PAGES 5 & 6 UNDER PART 5 —

**Relief Requested:** _____

_____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Johnson | R63104 | 3 / 13 / 14 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

| | Counselor's Response (If applicable) | |
|---|---|---|

Date Received: ____/____/____

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

| Print Counselor's Name | Counselor's Signature | ____/____/____ Date of Response |
|---|---|---|

| | EMERGENCY REVIEW | |
|---|---|---|

Date Received: ____/____/____

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | ____/____/____ Date |
|---|---|

Distribution: Master File; Offender

Page 1

DOC 0046 (8/2012)

— Discipline of Seriously Mentally Ill Inmates —

a) "No later than May 15, 2013, IDOC will commence developing and implementing system-wide policies and procedures to take into account serious mental illness in disciplinary proceedings and dispositions of those proceedings. IDOC acknowledges that this will require reform in the nature of disciplinary proceedings as they are currently conducted, and agrees to reform those proceedings so that the policies and procedures with respect to serious mental illness can be implemented.

b) The reforms shall include that, when an SMI (Seriously Mentally Ill) offender is the subject of a disciplinary report for a major offense as defined in 20 Ill. Admin. Code 504.80 (d)(3), the Hearing Investigator shall consult with the offender's treating MHP (Mental Health Professional) as part of the investigation required by 20 Ill. Admin. Code 504.60. In addition to any other information derived from this consultation, the Hearing Investigator shall obtain the following opinions from the MHP: (i) whether the offender's mental illness caused or contributed in any way to the behavior at issue in the disciplinary process, and if so, how; and (ii) whether confinement in segregation is likely to impact the offender's mental health, and if so, how. Additionally, the seriously mentally ill offender's treating MHP, or one of his or her superiors, shall provide testimony as to the offender's mental condition at any adjustment committee hearing. Such testimony, in addition to any other testimony permitted by 20 Ill. Admin. Code 504.80 (h), shall be considered by the adjustment committee in making its determinations. If the SMI offender's treating MHP recommends that the offender's mental health needs require a specific segregation term, specific treatment during segregation or no segregation at all, the MHP's recommendations shall be adopted by the adjustment committee or program unit unless the Chief Administrative Officer or Assistant Chief Administrative Officer overrules the MHP's opinion in writing. Such documentation shall become part of the offender's disciplinary record. By July 1, 2013, IDOC shall provide the Monitor and Counsel for Plaintiffs with drafts of any and all regulatory changes needed to implement this paragraph. Any such regulatory changes that need to be submitted to JCAR shall be submitted by IDOC no later than August 1, 2013."

None of the above has been applied to me, a seriously mentally ill inmate. In violation of my rights inherit within Section 2. Due process and equal protection: No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 3-13-14 | Offender: (Please Print) Michael Johnson | ID#: R63104 |

Present Facility: Pontiac Correctional Center | Facility where grievance issue occurred: Pontiac Correctional Center

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ___/___/___
  Date of Report _____ Facility where issued
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [x] Restoration of Good Time
- [x] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA    Conditions of
- [x] Other (specify): Confinement

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

THE LAWS OF ~~ILLINOIS~~ ; ILLINOIS'S CONSTITUTION ; 14 AMENDMENT, SECTION 1.
DUE PROCESS AND EQUAL PROTECTION: ALL PERSONS BORN OR NATURALIZED IN THE
UNITED STATES, AND SUBJECT TO THE JURISDICTION THEREOF, THE CITIZENS OF
THE UNITED STATES AND OF THE STATE WHEREIN THEY RESIDE. NO STATE SHALL
MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVILEGES OR IMMUNITIES
OF CITIZENS OF THE UNITED STATES; NOR SHALL ANY STATE DEPRIVE ANY PERSON
OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR DENY
TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAWS.
I DON'T KNOW WHY I'M BEING DENIED MEANINGFUL TREATMENT FOR MY

**Relief Requested:** _____

_____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Johnson | R63104 | 3 / 13 / 14 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response ___/___/___ |

---

### EMERGENCY REVIEW

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature _____ Date ___/___/___

Mental Illness, lack of an individual treatment plan, therapeutic counseling, or any adequate or purposeful treatment, as illustrated in the Mental Health Protocol Manual, is a deliberate indifference to a serious medical need. In general, prisons are not required to provide counseling services like drug or alcohol rehabilitation to prisoners unless they are juveniles, mentally ill, or received rehabilitative services as part of their sentence. Women Prisoners of District of Columbia Dept. of Corrections v. District of Columbia, 93 F.3d 910, 927 (D.C. Cir. 1996). Some courts have recognized that constant isolation, illumination, and other sensory deprivation for prisoners with serious mental health issues violates the Eighth Amendment. Jones El v. Burge, 164 F. Supp. 2d 1096 (W.D. Wisc. 2001). I'm losing my mind & think of ways to kill myself every day. Plaintiff has rights under the Americans with Disabilities Act, 42 U.S.C.A. Section 12101 (b) (1) (2000) (ADA) to not be discriminated against. I am an individual with disabilities under 504 of the Rehabilitation Act 29 U.S.C. J.U.S.C.A. Section 794 (b) (2000) and the A.D.A. has been illegally barred from all mental health programs, services, assistance, counseling, reasonable interviews, and adequate protection from harm, discrimination by official misconduct in Pontiac C.C. & I.D.O.C. The failure of mental health professionals & doctors to properly diagnose & failure to properly treat is causing me unnecessary suffering. The denial of proper & adequate programs and services - mental health - is in violation of Administrative Directive 04.04.100, 730 ILCS 5/3-2-2, 20 Ill. Adm. Code 401, Administrative Directive 04.04.101, according to Administrative Code 120.40, all IDOC personnel must abide by all federal, state and local laws, policies, & regulations, Langley v. Coughlin, 888 F.2d 252, 254 (2 Cir. 1989) it states verbatim: "We think it clear that from the legal standpoint psychiatric or mental health care is an integral part of medical care". Also, Wellman v. Faulkner, 715 F.2d 269, 272-73 (7th Cir. 1983) ⊕ stating that "treatment of the mental disorders of mentally disturbed inmates is a 'serious medical need'". In Rasho v. Walker, No. 1:07-cv-1298-MMM-JAG it states verbatim, on page 5, Part c) "No later than May 15, 2013, IDOC shall initiate the development of a process to review seriously mentally ill offenders placed in segregation prior to their ratification who are serving segregation terms of sixty (60) days or longer. The purpose of the review will be to determine if the SMI offender's mental health condition both at the time of the original and any subsequent offense requires a reduction in the offender's current segregation term. The review shall be performed at the facility level, and shall involve a committee ("Review Committee"), appointed by the Chief Administrative Officer, that shall include security and mental health professionals. The

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| Date: 3-13-14 | Offender: (Please Print) Michael Johnson | ID#: R67304 |
| Present Facility: Pontiac C.C. | Facility where grievance issue occurred: Pontiac C.C. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [x] Restoration of Good Time
- [x] Medical Treatment
- [x] ADA Disability Accommodation
- [ ] HIPAA   Conditions of
- [x] Other (specify): Confinement

- [ ] Disciplinary Report: ____/____/____
  Date of Report                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

The Review Committee shall have the Authority to recommend to the Chief Administrative Officer that an SMI offender's recreation time be reduced (or eliminated altogether) based upon (1) the seriousness of the offense; (2) the safety and security of the facility or any person (including the offender at issue); (3) the offender's behavioral, medical, mental health and disciplinary history; (4) reports and recommendations concerning the offender; and (5) other legitimate penological interests. Absent overriding security concern, the Review Committee shall adopt the recommendations of the committee's MHP member(s). The decision for

**Relief Requested:** _____

_____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Michael Johnson | R67304 | 3 / 13 / 14 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) | | |
|---|---|---|
| Date Received: ____/____/____ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

| _____ | _____ | ____/____/____ |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ____/____/____ | Is this determined to be of an emergency nature? [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| _____ | ____/____/____ |
|---|---|
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender                    Page 1                    DOC 0046 (8/2012)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

reduction or elimination of an SMI offender's segregation term in writing with the CAO who, absent overriding security concerns, transmitted in writing shall adopt the Committee's recommendations to reduce or eliminate an SMI offender's segregation term. Defendants shall report to the Court every forty-five (45) days as to progress in implementing this paragraph. The review shall be completed by no later than December 31, 2013, but this date may be extended by all the parties for good cause shown.

I am a mentally ill inmate who has been suffering from & diagnosed with mental disorders & emotional distress. I have not been allowed to be aware of none of the above events, nor I've asked or ~~xxxx~~ made three one questions. I end this grievance by saying the relief requested is on the first ~~xx~~ THREE grievance. Also, the Prison Review Board approved the revocation of good conduct credit & statutorily good time on fifty one different disciplinary infractions charged against me. I was noticed that due to time served at DOC 552x final for the above two, we the evidence relied upon for such number of disciplinary hearing. Also all of the adjustment committee final summary of adjustment reported for every single disciplinary infraction charged against me, was inadequate & insufficient and the evidence relied on was an evaluation of the officer's observations which is neither an adequate basis for discipline, nor of the process, basis for decision to sentence me to segregation & devoted disciplinary point. An Ill. Adm. Code Section 504.30 offenses and disciplinary penalties. An Ill. Adm. Code Section 504.30 hierarchy of disciplinary penalty; ~~xxx~~ White v. McDonnell, 44 Suit, 2963; Sandin v. Conner, 45 Suit ~~xxx~~ 2013; Hill v. Walker, 555 F.2d 1235; ~~xx~~ Washington v. Chrisman, 758 F. Supp 1045; People v. Snider, 504 NE 2d 141.

Mental health professionals seem to think, in which they have told me, that because I ~~xx~~ can act, articulate my illness, that I don't suffer from mental illnesses. This is not true, and it doesn't make sense.

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Name: JOHNSON, MICHAEL R     IDOC Number: R63104     Race: BLK

Hearing Date/Time: 1/26/2014  09:32 AM     Living Unit: PON-N-01-18     Orientation Status: N/A

Incident Number: 201400239/1 - PON     Status: Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 1/20/2014 | 201400239/1-PON | LEWIS, DARRYL E | NORTH HOUSE | 11:00 AM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 402 | Health,Smoking Or Safety Violations | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status | |
|--------------|-----------|--------------|----------------|--|
| Inmate | IDOC#: M15131 | JACKSON, MICHAEL | Other - See Witness Statement/Comments | Requested By Inmate |

Statement: PHYSICAL BARRIERS PREVENT KNOWLEDGE OF INCIDENT;

*French*

Witness Interviewer Signature     I attest to the statements as being a correct reflection of the statements provided to me by witnesses.

## RECORD OF PROCEEDINGS

REPORT READ. OFFENDER PLEADS NOT GUILTY. " I DON'T KNOW WHAT THEY ARE TALKING ABOUT."

BE ADVISED 7 GALLERY SECURITY CAMERA WAS OBSERVED FOR TIME AND DATE OF INCIDENT AND OFFENDER JOHNSON WAS OBSERVED COMMITTING THE STATED OFFENSE;

## BASIS FOR DECISION

BASED ON THE OBSERVATION OF THE REPORTING EMPLOYEE, WHILE ON 7 GALLERY A TRAY OF FECES WAS DISCOVERED IN FRONT OF CELL 720 AND LIQUID SUBSTANCE WAS DISCOVERED ON THE GALLERY AND THE DOOR OF 720. UPON REVIEWING THE SECURITY CAMERA IT WAS OBSERVED THAT OFFENDER JOHNSON WHO RESIDES IN CELL N721 PUSHED THE TRAY LID FROM UNDER HIS CELL DOOR AND PUSHED IT UNDER AND INTO CELL 720. WHEN THE OFFICER WENT TO 7 GALLERY TO MOVE OFFENDER JOHNSON ANOTHER LID OF FECES AND LIQUID WAS PUSHED IN FRONT OF CELL 720.

THE POSITIVE IDENTIFICATION OF THE OFFENDER BY IDENTIFICATION CARD;

REVIEW OF 7 GALLERY SECURITY CAMERA;

THE COMMITTEE IS SATISFIED THE VIOLATION OCCURRED AS REPORTED.

## DISCIPLINARY ACTION  (Consecutive to any priors)

| RECOMMENDED | FINAL |
|-------------|-------|
| 3 Months C Grade | 3 Months C Grade |
| 3 Months Segregation | 3 Months Segregation |
| Revoke GCC or SGT 1 Months | Revoke GCC or SGT 1 Months |
| Basis for Discipline:NATURE OF OFFENSE | |

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|--|-----------|------|------|
| FRENCH, GLENDAL D - Chair Person | *French* | 01/26/14 | WHI |
| JOYNER, ANGELICA | *Joyner* | 01/26/14 | HSP |

Recommended Action Approved

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** JOHNSON, MICHAEL R         **IDOC Number:** R63104                    **Race:** BLK

**Hearing Date/Time:** 1/26/2014  09:32 AM    **Living Unit:** PON-N-01-18    **Orientation Status:** N/A

**Incident Number:** 201400239/1 - PON       **Status:** Final

**Final Comments:** N/A

RANDY S PFISTER / RSP  1/28/2014                                    01/28/14

Chief Administrative Officer                     Signature                      Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Employee Serving Copy to Committed Person                When Served  -- Date and Time